Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 03, 2022

SEAN F. MCAVOY, CLERK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-CR-00187-TOR |
| Plaintiff, | Plea Agreement |
| v. | Fed. R. Crim. P. 11(c)(1)(C) |
| MIGUEL ANGEL MORALES-ESTRADA, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire Assistant United States Attorney for the Eastern District of Washington, and Defendant MIGUEL ANGEL MORALES-ESTRADA and the Defendant's counsel, J. Stephen Roberts, Jr., agree to the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, MIGUEL ANGEL MORALES-ESTRADA, agrees to plead guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C) to the Count of the Information in this case charging the Defendant with:  Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). The Defendant understands that the charge of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) carries a maximum penalty of not less than five years nor more than twenty

Plea Agreement                                1

years imprisonment, a fine not to exceed $250,000; a term of supervised release of not less than 5 years up to life; a $100 special penalty assessment; and a $5000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, unless the Court finds the Defendant to be indigent.  Pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A, upon conviction, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess an additional special penalty assessment of no more than $35,000

The Defendant, MIGUEL ANGEL MORALES-ESTRADA, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.    Waiver of Indictment:

The Defendant, MIGUEL ANGEL MORALES-ESTRADA is aware of his right to be charged by Indictment with regard to the offense of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), currently charged by way of an Information Superseding Indictment.  By entering into this Plea Agreement, agrees to waive his right to have the charges against him in the Information Superseding Indictment presented to a Grand Jury and agrees to plead guilty to that charge.

3.    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea

Plea Agreement                                    2

Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The United States and the Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and recommend Defendant be sentenced to not less than ten years nor more than fifteen years for Receipt of Child Pornography.

The Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon. The Defendant further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

4.    Waiver of Constitutional Rights:

The Defendant, MIGUEL ANGEL MORALES-ESTRADA, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

(d).    The right to testify at trial; and

(e).    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be

Plea Agreement                              3

appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5.    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), the United States would have to prove beyond a reasonable doubt the following elements:

(1) On or about and between January 1, 2015 and August 1, 2020, in the Eastern District of Washington, the Defendant knowingly received a visual depiction of child pornography;

(2) the Defendant knew the production of such visual depiction(s) involved the use of minor(s) engaged in sexually explicit conduct;

(3) the visual depictions had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

6.    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant MIGUEL ANGEL MORALES-ESTRADA's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On September 16, 2020, Officer Ruiz of the Wenatchee Police Department was asked to respond to a complaint from a woman stating her husband had been taking illicit photos and videos of her daughter, who was 14-years old at the time the photos were taken.

Plea Agreement                    4

Officer Ruiz called the reporting party, and asked her to come in, which she did the same day.  When she arrived, she was crying.  She stated, she was setting up for a family party at her residence, in Wenatchee, Washington when she noticed her husband's phone sitting on the floor near their bedroom closet. Her husband is Miguel Angel Morales-Estrada.

The reporting party stated she suspected Morales-Estrada had been cheating on her, so she checked his phone to see if he had been messaging any other female. She noticed several videos of her then 14-year-old daughter (MINOR 1; DOB 08/XX/02) walking out of the shower completely nude. She stated she immediately knew this was in their bathroom (at their residence located in Wenatchee, Washington). She then showed Off. Ruiz the photos and videos as she had recorded them on her phone and noted the time stamps on the videos as being in 2015 and 2016.

A search warrant was obtained for the residence and devices were seized and reviewed.  The images located depict MORALES-ESTRADA setting the cameras up (he can be seen in front of the camera) and images of MINOR 1 undressed. Specifically, MORALES-ESTRADA's Samsung Galaxy Note Cell Phone was found to contain 23 videos where MORALES-ESTRADA is making a video on his cell phone of a video he previously made playing on a television screen.  The videos depict MINOR 1 fully nude in the bathroom and involve many close-ups focusing on the victim's individual body parts.

A Micro SD Card located in the garage contained six videos of MORALES-ESTRADA setting up a covert camera in the bathroom, followed by videos of the victim. The videos clearly showed MORALES-ESTRADA and were taken from different viewing points in the bathroom. Additionally, the SD card contains a video of MORALES-ESTRADA placing the camera in what appears to be the minor victim's bedroom and a video of MINOR 1 changing her clothes in her bedroom. The minor victim is seen in her underwear.

Plea Agreement                                    5

A different Micro SD Card located in garage contained two videos of MORALES-ESTRADA setting up the covert camera in the bathroom, followed by images of MINOR 1. It also contained two videos of MORALES-ESTRADA recording videos of the minor victim from his TV. The videos recorded MINOR 1 nude in the bathroom after taking a shower.

A third Micro SD Card located in garage contained one video which was approximately 14:57 in length. The video which was covertly recorded in the bathroom documented the minor victim after her shower. The camera was placed on top of the toilet and was directed at the victim's mid-section. The video shows repeated close-up views of the victim's vagina. The SD card also contained two videos of MORALES-ESTRADA setting up the covert camera in the bathroom.

The 11 Micro SD Cards located in the Defendant's truck contain dozens of videos of the minor victim nude. The videos on each item depicted the minor victim in the bathroom in all stages of undress and personal grooming, entering and exiting the shower, using the toilet, graphic videos of her removing and placing mensuration pads, cleaning herself and close up images of her vagina. Numerous videos of MORALES-ESTRADA setting up the covert cameras were present on all items to include examples of MORALES-ESTRADA using covert cameras underneath the bathroom door and placing cameras in the victim's bedroom.

MORALES-ESTRADA was interviewed and admitted he had naked videos of MINOR 1; he stated he did not share them with anyone. MORALES admitted he had recorded MINOR 1 many times with a pen camera (hidden inside a "pen") and/or a camera that was made to look like a clock. MINOR 1 had no idea she was being recorded. He admitted to recording MINOR 1 for the past 4 years. He said there were quite a few videos but did not commit to a number.

MORALES-ESTRADA said he would record MINOR 1 using the pinhole

camera, play the recordings on the TV in the living room and record them as they played with his cell phone. Thus, Defendant utilized a pinhole camera, SD cards, a television, and a cellular phone to ingest the recordings. None of the aforementioned items was made in the state of Washington.

7.   The United States Agrees:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of the Defendant's conduct involving illegal activity charged in the Indictment in this case, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8.   Effect on Immigration Status:

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, following conviction, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one, including his attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty.

9.   United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

Plea Agreement                                    7

  (a.) <u>Base Offense Levels</u>:

The United States intends to argue the base offense level for Receipt of Pornography is 32 in this instance where Defendant produced a visual depiction of a minor engaging in sexually explicit conduct. *See* U.S.S.G. §2G2.2(c)[1], applying the cross reference to U.S.S.G. §2G2.1(a), (e).  The Defendant intends to argue this cross-reference does not apply.

  (b.) <u>Specific Offense Characteristics</u>:

The parties have no agreement as to any specific offense characteristics.

  (c.) <u>Criminal Livelihood</u>

The parties have no agreement as to criminal livelihood under Chapter 4B. *See* U.S.S.G. §4B1.5(b) (engaged in a pattern of activity involving prohibited sexual conduct).

  (d.) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a)

---

[1] Section 2G2.2(c)(1) provides:

> If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above.

and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(e.)    <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Pre-Sentence Investigative Report is completed.

10.    <u>Imprisonment</u>:

The United States and the Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and agree Defendant should be sentenced to not less than 10 years nor more than 15 years.

11.    <u>Criminal Fines</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Neither party may withdraw from the Plea Agreement based on the ultimate fine imposed.

12.    <u>Supervised Release</u>:

The United States and the Defendant have no agreement regarding the appropriate term of supervised release. The Defendant understands the United States intends to argue for a lifetime term of supervised release.  Neither party may withdraw from the Plea Agreement based on the supervised release term imposed.

Plea Agreement                                  9

13.    <u>Restitution</u>:

The United States and the Defendant agree restitution must be paid to identified victims.  No precise restitution amount has yet been agreed upon by the parties. The United States and the Defendant hereby stipulate and agree that pursuant to 18 U.S.C. § 2259(b)(2), the Court shall order restitution for the full amount of the victims' losses in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim.

With respect to any restitution, the parties agree to the following:

(a) <u>Restitution Interest</u>

The interest on the restitution amount should be waived.

(b) <u>Payments</u>

The parties agree the Court will set a restitution payment schedule based on financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

(c) <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

(d) Notifications

The Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

The Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable. Neither party may withdraw from the Plea Agreement based on the ultimate amount or restitution ordered.

14.    Mandatory Special Penalty Assessments:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk

Plea Agreement                                    11

to the United States before sentencing as proof of this payment.

Pursuant to the Justice for Victims of Trafficking Act of 2015, upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

The United States further reserves its right to request an additional special penalty assessment of no more than $35,000 pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law the court shall assess.

Neither party may withdraw from the Plea Agreement based on the ultimate special penalty assessment(s) imposed.

15.    Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16.    Forfeiture:

The Defendant, MIGUEL ANGEL MORALES-ESTRADA, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets listed herein to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

a.  Samsung Galaxy Note Cell Phone;

b.  Micro SD Card HC 32GB;

c.  Micro SD Card 8GB;

d.  Micro SD Card San Disk 32GB;

e.  Micro SD Card OON 32GB;

f.  SanDisk Ultra Plus Micro SD Card 16GB;

g. Verbatim Micro SD Card 8GB;

h. Verbatim Micro SD Card 8GB;

i. Kingston Micro SD Card 16GB;

j. SanDisk Micro SD Card 16GB;

k. SanDisk Micro SD Card 16GB;

l. Kingston Micro SD Card 8GB;

m. SanDisk Micro SD Card 16GB;

n. Ultimate 3.0 Micro SD Card 16GB;

o. PNY Elite Micro SD Card 16GB; and a,

p. PNY Micro SD Card 16GB.

The Defendant stipulates that he is the sole owner of the assets identified in this Plea Agreement and that no one else has an interest in the assets.

The Defendant acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of Receipt of Child Pornography as charged in the Information Superseding Indictment, in violation of 18 U.S.C. § 2251, to which Defendant is pleading guilty. The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

17.    Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

18.    Appeal Rights:

The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. If the Court imposes a sentence of not more than 15 years imprisonment, Defendant hereby expressly waives his right to appeal his conviction, any sentence the Court imposes, any special penalty assessments, and any order of supervised release with the exception that the Defendant may appeal only: the procedural and substantive reasonableness of any restitution order in excess of $9,000. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence.

19.    Notice of Sex Offender Registration:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

20.    <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

The parties acknowledge and agree that this Plea Agreement may be executed by electronic signature, which shall be considered as an original signature for all purposes and shall have the same force and effect as an original signature.

Agreed and submitted on behalf of the United States Attorney's Office for

the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          2/3/2022
Alison L. Gregoire                               Date
Assistant U.S. Attorney

I have had this Plea Agreement read to me and have carefully reviewed and
discussed every part of the agreement with my attorney. I understand and
voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my
attorney about my rights, I understand those rights, and I am satisfied with the
representation of my attorney in this case. No other promises or inducements have
been made to me, other than those contained in this Plea Agreement and no one
has threatened or forced me in any way to enter into this Plea Agreement. I am
agreeing to plead guilty because I am guilty.

_____          2-03-22
MIGUEL ANGEL MORALES-ESTRADA          Date
Defendant

I have read this Plea Agreement and have discussed the contents of the
agreement with my client. The Plea Agreement accurately and completely sets
forth the entirety of the agreement between the parties. I concur in my client's
decision to plead guilty as set forth in the Plea Agreement. There is no legal reason
why the Court should not accept the Defendant's plea of guilty.

_____          2/3/2022
J. Stephen Roberts, Jr.                          Date
Attorney for the Defendant

I hereby certify that I have read and translated the entire foregoing document
to the Defendant in a language with which he is conversant.  If questions have

Plea Agreement                        16

arisen, I have notified the Defendant's counsel of the questions and have not

offered nor given legal advice nor personal opinions.

_____ Naira Perez_____    _2/3/2022_____
Interpreter                              Date

Plea Agreement                    17